ORDER
FORDHAM, JUDGE:
An application for the claimant, Aaron R. Williams, for an award under the West Virginia Crime Victims Compensation Act, was filed March 4, 2008. The report *376 of the Claim Investigator, filed August 4, 2008, recommended that an award of $25,000.00 be granted, to which the claimant filed a response in disagreement. The Court issued an Order on September 5, 2008, upholding the Investigator’s recommendation and granting the $25,000.00 maximum award in effect at the time. In accordance with the Order, prorated payments were made to four health care providers whose bills totaled $61,559.07. The claimant’s request forbearing was filed September 19,2008, and the matter came on for hearing April 22, 2009, the claimant appearing by counsel James T. Cooper, and the State of West Virginia by counsel, Benj amin F. Y ancey III, Assistant Attorney General.
On January 24, 2008, the 29-year-old claimant was the victim of criminally injurious conduct in Charleston, Kanawha County. According to his application, the claimant was driving the offender home when the offender suddenly and without provocation shot the claimant in the face from the passenger seat. As a result, the claimant lost the vision in his left eye, and suffered facial fractures and other injuries. The offender, Jamal Mitchell, was arrested for malicious wounding.
The claimant contends that a portion of the award should have been granted to him for lost wages, asserting in his Response to the Investigator’s recommendation that he “was in the process of finding a job and a place of residence” when the incident occurred.
Appearing for and in place of the claimant at the hearing was his counsel, James T. Cooper, who stated that his client was requesting an award for “personal expenses and living expenses.” Mr. Cooper stated that the claimant has a seven-year-old son who does not live with him. However, the claimant is under a court order to pay child support. Admitted into evidence as Exhibit 1 was a document from the West Virginia Bureau for Child Support Enforcement indicating that the claimant is in arrears for the child support payments in the sum of $6,751.01 as of April 2009.
Mr. Cooper revealed that no documentation is available to show that his client was employed at the time of the incident or afterward. The victim is nonetheless asking this Court to consider granting an award for the child support arrearages and an additional $5,000.00 to him so that he might repay his family for their support during the time of his injury.
It is undisputed that the claimant was an innocent victim of crime, free from any contributory misconduct. The issue then became one of his unreimbursed economic losses. By previous Order, this Court granted the maximum $25,000.00 award, paying over 40% of each of the claimant’s medical bills, a prorated calculation mandated by W.Va. Code § 14-2A-19a(a). There was nothing in the record at that time establishing any work loss on behalf of the claimant such that a portion of that maximum award should have been granted to him.
The Court is not without sympathy for the claimant, but any awards granted must be in accordance with the law. Nothing adduced at the hearing compels a different outcome from this Court’s prior decision. The claimant is, however, encouraged to apply for Social Security Disability benefits and/or Supplemental Security Income. If the claimant does prove eligible for disability benefits, this claim may be reopened at a later date to address the issue of an award for “special needs attributable to the injury” as provided by W.Va. Code § 14-2A-(g)(2).
*377 Based on the foregoing, the Court affirms its previous ruling. Therefore, the claim for an additional award must be, and is hereby, denied.